Roberto Luis Costales, Esq.
(*pro hac vice* to be applied for)
William H. Beaumont, Esq.
(*pro hac vice* to be applied for)
BEAUMONT COSTALES LLC
107 W. Van Buren, Suite 209
Chicago, Illinois 60605
Telephone: (773) 831-8000
Facsimile:  (504) 272-2956
rlc@beaumontcostales.com
whb@beaumontcostales.com

Glenn M. Goffin, SBN 153766
Attorney-at-Law
920 Beach Park Blvd #39
Foster City, California 94404
Telephone: (415) 845-8556
ggoffin@glenngoffinlaw.com

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| JUDY SZWANEK and JAMES LOPEZ II, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JACK IN THE BOX, INC.,<br><br>Defendant | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>DEMAND FOR JURY TRIAL<br><br><u>CLASS ACTION</u> |

Plaintiffs Judy Szwanek and James Lopez II allege the following based upon personal knowledge and the investigation by their counsel. Plaintiffs further allege the following upon information and belief that substantial additional evidentiary support exists for the allegations set forth herein and will be available after a reasonable opportunity for discovery.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1

# NATURE OF THE ACTION

1. This class action seeks to put an end to systemic civil rights violations committed by Jack in the Box, Inc. ("Jack in the Box") against visually-impaired people in the United States. Jack in the Box denies the visually-impaired equal access to the goods and services that Jack in the Box provides during "late-night" operating times at thousands of their restaurants throughout the United States.

2. In an effort to increase profits and make their products available to the public for longer periods of time, Jack in the Box restaurants offer "late-night" hours. During these late evening and early morning operating times, patrons are not allowed to physically enter Jack in the Box restaurants and must access Jack in the Box products and services via "drive-thru" windows. These drive-thrus are only accessible by motor vehicle and are the exclusive means by which a customer can independently purchase Jack in the Box products during late-night hours.

3. Despite being accessible to the general public, Jack in the Box drive-thrus lack any meaningful accommodation for visually-impaired individuals who are unable to operate motor vehicles. Since they are unable to drive, and because it is not safe for them to walk through the drive-thru, visually-impaired individuals are totally precluded from accessing Defendant's products during late-night hours.

4. While Jack in the Box's sighted customers have the opportunity to independently browse, select, and pay for products at Defendant's drive-thrus without the assistance of others, visually-impaired people must hope for a companion with a car or paid taxi services to assist them in selecting and purchasing Jack in the Box food.

5. By failing to make its restaurants accessible to Plaintiffs and class members, Jack in the Box is violating basic equal access requirements under federal law. Congress provided a

clear and national mandate for the elimination of discrimination against individuals with disabilities when it enacted the Americans with Disabilities Act. This includes removing barriers to full integration, independent living, and equal opportunity for persons with disabilities, including those barriers created by drive-thru restaurants and other public accommodations that are inaccessible to blind and visually impaired persons.

## JURISDICTION

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1343 and 1367.

## VENUE

7. Venue is proper in the Northern District pursuant to 28 U.S.C. §§ 1391 (b)-(c).

8. Jack in the Box owns, operates, and leases restaurants in California, including in the Northern District of California. Defendant is committing the acts alleged herein in the Northern District of California. A substantial part of the acts and omissions giving rise to the claims asserted herein have occurred in the Northern District of California.

## INTRADISTRICT ASSIGNMENT

9. Plaintiff Szwanek resides in this Division. Upon information and belief, a substantial portion of the claims herein sued upon occurred in this Division.

## PARTIES

10. Plaintiff Judy Szwanek is a citizen and resident of El Sobrante, California. Plaintiff Szwanek's eyesight has been compromised by a damaged optic nerve. This condition renders her unable to legally operate a motor vehicle and as such she is a member of a protected class under the Americans with Disabilities Act.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

11. Plaintiff James Lopez II is a citizen and resident of Montebello, California. Plaintiff Lopez's eyesight has been compromised by wet macular degeneration. This condition renders him unable to legally operate a motor vehicle and as such he is a member of a protected class under the Americans with Disabilities Act.

12. Defendant is a California-based, for-profit corporation. Defendant owns, operates and/or leases Jack in the Box restaurant buildings at thousands of locations throughout the United States.

## FACTUAL ALLEGATIONS

13. Defendant owns, operates and/or leases the well-known chain of restaurants known as "Jack in the Box."

14. Jack in the Box operates over 2,200 restaurants in the United States.

15. Some Jack in the Box restaurants are owned and operated entirely by the Defendant, while others are co-owned and/or co-operated by franchisees and Jack in the Box.

16. Jack in the Box promulgates a system of rules, directives, and/or commands that all Jack in the Box-branded restaurants are required to follow. This system is known as the "Jack in the Box System."

17. Jack in the Box operates all Jack in the Box-branded restaurants by implementing, maintaining, and enforcing the Jack in the Box System as to all Jack in the Box restaurants.

18. The Jack in the Box system is codified and enforced by manuals and franchise agreements ("Jack in the Box System Documents") that are authored, owned, promulgated and enforced by Jack in the Box.

19. By written agreement, all franchisees are required by Defendant to comply with the Jack in the Box System and the Jack in the Box System Documents.

20. Franchisees have no authority under the terms of their agreements with Jack in the Box to alter, modify, or violate any aspect of the Jack in the Box System.

21. In its agreements with Franchisees, Jack in the Box specifically reserves the unilateral right to change, add, or remove any aspect of the Jack in the Box System as it applies to any Franchisee(s).

22. As a condition of becoming and continuing to be a Jack in the Box Franchisee, Franchisees must adhere to new or changed Jack in the Box System requirements. Franchisees must also implement new services as may be specified by Jack in the Box.

23. Jack in the Box further dictates to its Franchisees the hours that Jack in the Box restaurants will be open for business. Jack in the Box maintains the unilateral right to change the operating times which its Franchisees are required to follow.

24. As it exists today, the Jack in the Box System does not include any policy, procedure, protocols, or infrastructure for assisting, aiding, or serving visually-impaired would-be customers of Jack in the Box-branded restaurants when the interiors of those restaurants are closed to the public but while the drive-thrus of those restaurants are still open to the public.

25. Jack in the Box restaurants offer two kinds of service: counter service and drive-thru service.

26. Counter service is available to patrons who physically enter Jack in the Box restaurants. Patrons approach a sales counter and relay their orders to Jack in the Box representatives who process payment and serve food.

27. During periods of time when a Jack in the Box restaurant's interior is closed to the public, counter service is not available to customers.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

5

28. Jack in the Box restaurants also provide drive-thru service. Drive-thru service is provided via specialized automobile driveway lanes which stretch around Defendant's restaurants. In order to obtain drive-thru service Jack in the Box customers maneuver their automobiles into the drive-thru lane and then relay their food order to a Jack in the Box representative via microphone. Customers then drive their car further along the lane and retrieve their food from a series of windows on the side of Defendant's restaurants.

29. Unlike counter service, Jack in the Box drive-thru service is available to customers during some periods of time when the interior of a given Jack in the Box restaurant is closed to the public.

30. Drive-thrus are specifically utilized by the Defendant to maximize the accessibility of their products to customers and thus increase profits.

### The Blind and Late-Night Drive-Thru

31. Many thousands of Jack in the Box restaurants remain open late serving food only via the drive-thru. At these restaurants, like the ones encountered by Plaintiffs, late-night service is available exclusively through the drive-thru and customers are not permitted to physically enter to order food.

32. Jack in the Box specifically prohibits pedestrians from walking up to the drive-thru windows and ordering food.

33. Jack in the Box company policy is to refuse service to any pedestrian who walks up to the drive-thru attempting to order food.

34. Jack in the Box restaurants that are open late-night via the drive-thru window do not offer any means for pedestrians to order food.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

35. The blind are unable to drive at night, and so they are unable to navigate a car into the drive-thru.

36. Because the blind are unable to drive or walk up to the drive-thru window, and because Jack in the Box interiors are closed during late-night operating times, the blind are totally barred from independently using or enjoying the goods and services provided by Jack in the Box late-night drive-thru restaurants.

37. There are a variety of modest accommodations Defendant could make that would allow blind people to access to Jack in the Box late-night restaurant services. However, Jack in the Box does not employ any such policy or practice.

### Plaintiff Szwanek's Experience

38. Plaintiff Szwanek remains awake into the late evening on a regular basis and she periodically desires to obtain food from Jack in the Box restaurants during late evening hours.

39. In May of 2018 Plaintiff Szwanek wanted to obtain food from the Jack in the Box restaurant located at 4080 San Pablo Dam Road, El Sobrante, California. This particular restaurant is approximately a 6-minute walk from the Plaintiff's home.

40. Plaintiff Szwanek approached the restaurant and realized the lobby was closed.

41. Based on her personal experience living in the area, and also her contemporaneous observations at the restaurant, Plaintiff Szwanek was aware that the restaurant continued to serve customers through the drive-thru while the counter service in the lobby remained closed.

42. Because Plaintiff Szwanek is blind and unable to lawfully operate a motor vehicle, she was unable to independently access the San Pablo Dam Road Jack in the Box in her 2018 encounter.

43. Plaintiff Szwanek visits this particular Jack in the Box regularly throughout the year and she reasonably expects to visit there again in the future.

44. Not only is the Jack in the Box restaurant in close vicinity to her home, it is also surrounded by other commercial establishments that Plaintiff Szwanek enjoys frequenting.

45. Plaintiff Szwanek has walked the distance between her home and the Jack in the Box before and reasonably anticipates doing so again.

46. Plaintiff Szwanek has felt and continues to feel disappointed and frustrated in connection with her inability to access Jack in the Box's services.

47. Because of her familiarity with Jack in the Box late-night policy, Plaintiff Szwanek sometimes avoids going to Jack in the Box during its late-night, drive-thru only hours.

48. Plaintiff Szwanek would visit again the Jack in the Box restaurant on San Pablo Dam Road during its late-night operating times if it were accessible to her.

49. Defendant thus provides accommodations, advantages, facilities, privileges, and services to customers that contain access barriers. These barriers deny full and equal access to Plaintiff Szwanek, who would otherwise be able to fully and equally enjoy the benefits and services of Jack in the Box restaurants.

**Plaintiff Lopez's Experience**

50. Plaintiff Lopez remains awake into the late evening on a regular basis and he periodically desires to obtain food from Jack in the Box restaurants during these late evening hours.

51. In approximately mid-2019 Plaintiff Lopez wanted to obtain food from the Jack in the Box restaurant located at 869 West Washington Boulevard, Montebello, California. This particular restaurant is approximately an 11-minute walk from the Plaintiff's home.

52. Plaintiff Lopez approached the restaurant and realized the lobby was closed.

53. Because Plaintiff Lopez is blind and unable to lawfully operate a motor vehicle, he was unable to independently access the West Washington Boulevard Jack in the Box in his 2019 encounter.

54. Plaintiff Lopez visits this particular Jack in the Box regularly throughout the year and he reasonably expects to visit there again in the future.

55. Not only is the Jack in the Box restaurant in close vicinity to his home, it is also surrounded by other commercial establishments that Plaintiff Lopez enjoys frequenting.

56. Plaintiff Lopez has walked the distance between his home and the Jack in the Box before and reasonably anticipates doing so again.

57. Plaintiff Lopez has felt and continues to feel disappointed and frustrated in connection with his inability to access Jack in the Box's services.

58. Because of his familiarity with Jack in the Box late-night policy, Plaintiff Lopez sometimes avoids going to Jack in the Box during its late-night, drive-thru only hours.

59. Plaintiff Lopez would visit again the Jack in the Box restaurant on West Washington Boulevard during its late-night operating times if it were accessible to him.

60. Defendant thus provides accommodations, advantages, facilities, privileges, and services to customers that contain access barriers. These barriers deny full and equal access to Plaintiff Lopez, who would otherwise be able to fully and equally enjoy the benefits and services of Jack in the Box restaurants.

## **CLASS ACTION ALLEGATIONS**

61. Plaintiffs seek certification of the following Nationwide Class and California Class pursuant to Fed. R. Civ. P. 23(a), 23(b)(2) and 23(b)(3):

**Nationwide Class**: "all individuals who are unable to drive by reason of visual disability and who have been and/or are being denied access to Jack in the Box restaurants in the United States where Jack in the Box restaurants' products and services are only offered via drive-thru."

**California Class**: "all individuals who are unable to drive by reason of visual disability and who have been and/or are being denied access or deterred from accessing Jack in the Box restaurants in California where Jack in the Box restaurants' products and services are only offered via drive-thru."

62. The persons in the Nationwide Class and California Class are so numerous that joinder of all such persons is impractical and the disposition of their claims in a class action is a benefit to the parties and to the Court.

63. This case arises out of Defendant's common policy and practice of denying blind persons access to the goods and services of its restaurants. Due to Defendant's policy and practice of failing to remove access barriers, blind persons have been and are being denied full and equal access to Jack in the Box restaurants and the goods and services they offer.

64. There are common questions of law and fact involved affecting the parties. The Plaintiffs and the putative class are all legally blind and have been and/or are being denied their civil rights to full and equal access to, and use and enjoyment of, the accommodations, advantages, facilities, privileges, and services provided at Defendant's restaurants due to the lack of accessible features at such facilities, as required by law.

65. The claims of the named Plaintiffs are typical of those of the Nationwide Class and the California Class. Plaintiffs will fairly and adequately represent and protect the interests

of the members of the Nationwide Class and the California Class. Plaintiffs have retained and are represented by counsel competent and experienced in complex and class action litigation.

66. Class certification of the Nationwide Class is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Nationwide Class, making appropriate both declaratory and injunctive relief with respect to Plaintiffs and the Nationwide Class as a whole.

67. Class certification of the California Class is appropriate pursuant to Fed. R. Civ. P. 23(b)(3) because questions of law or fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating this controversy. The common issues of law include: (1) whether the putative class members are individuals with disabilities within the meaning of the ADA and California law; (2) whether Jack in the Box denies and/or deters legally blind individuals in California from accessing its services during its "late-night" hours; (3) whether Jack in the Box violates Title III of the ADA; and (4) whether Jack in the Box has violated Cal. Civ. Code, § 51, *et seq*. ("the Unruh Act").

68. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Judicial economy will be served by maintaining this lawsuit as a class action because it avoids the burden which would otherwise be placed upon the judicial system by the filing of numerous similar suits. A class action is also superior because the damages suffered by individual class members are relatively small and because the burden upon such individual litigants may make it difficult and impractical for them to pursue their claims against Defendant.

69. There are no obstacles to effective and efficient management of this lawsuit as a class action by this Court.

70. References to Plaintiffs shall be deemed to include the named Plaintiffs and each member of the class, unless otherwise indicated.

**FIRST CAUSE OF ACTION**
**(Violation of 42 U.S.C. §§ 12181, *et seq.* - Title III of the Americans with Disabilities Act)**
**(on behalf of Plaintiffs and the Nationwide Class)**

71. Plaintiffs incorporate by reference the foregoing allegations as if set forth fully herein.

72. Section 12182(a) of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, *et seq.*, (hereinafter "ADA") provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

73. Jack in the Box restaurants are restaurants, and, therefore places of public accommodation with the definition of Title III of the ADA. 42 U.S.C. §12181(7)(B)

74. Jack in the Box restaurants are sales establishments, and, therefore places of public accommodation with the definition of Title III of the ADA. 42 U.S.C. §12181(7)(E)

75. Defendant's restaurants are places of "public accommodation" that are subject to compliance under the ADA.

76. Under Section 12182(a) and (b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities the

opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation.

77. Under Section 12182(a) and (b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation, which is equal to the opportunities afforded to other individuals.

78. Under Section 12182(b)(2) of Title III of the ADA, unlawful discrimination also includes, among other things: (1) a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations; and (2) a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

79. Patrons of Defendant's restaurants who are blind (including Plaintiffs and the Plaintiff Class) have been denied full and equal access to those public accommodations; and they have not been provided services that are provided to other patrons who are not disabled and/or they have been provided services that are inferior to the services provided to non-disabled patrons. Defendant has failed to take any steps to remedy its discriminatory conduct. These violations are

ongoing. Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiffs and members of the Class will continue to suffer irreparable harm.

80. As discussed in *Factual Allegations* above, Jack in the Box is a large corporation that is more than capable of adapting its policies and practices to accommodate the blind and the complaints made herein. However, Jack in the Box chooses not to allow their late-night drive-thru restaurants to be made independently usable by customers who are blind or have low vision. Consequently, Jack in the Box must furnish auxiliary aids or services or modify their policies and procedures to enable blind individuals to equally and independently benefit from Jack in the Box services unless doing so would result in a fundamental alteration or undue burden.

81. The acts alleged herein constitute violations of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq*., and the regulations promulgated thereunder.

82. The actions of Defendant were and are in violation of the Americans with Disabilities Act 42 U.S.C. §§ 12181, *et seq*., and therefore Plaintiffs are entitled to injunctive relief to remedy the discrimination as well as attorney's fees.

**SECOND CAUSE OF ACTION**
**(Unruh Civil Rights Act)**
**(on behalf of Plaintiffs and the California Class)**

83. Plaintiffs incorporate by reference the foregoing allegations as if set forth fully herein.

84. Defendant operates business establishments within the jurisdiction of the State of California and, as such, is obligated to comply with the provisions of the Unruh Act, Cal. Civ. Code, §§ 51, *et seq*. ("the Unruh Act").

85. The conduct alleged herein violates the Unruh Act, including Cal. Civ. Code, §§ 51, *et seq*.

86. The Unruh Act guarantees, *inter alia*, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California. The Unruh Act also provides that a violation of the ADA is a violation of the Unruh Act.

87. Defendant has and continues to violate the Unruh Act by, *inter alia*, denying Plaintiffs and members of the proposed California Class, as persons with disabilities, full and equal accommodations, advantages, facilities, privileges, or services offered by Defendant. Defendant has also violated the Unruh Act by violating the ADA, as set forth above.

88. Defendant has and continues to violate the Unruh Act by, *inter alia*, failing to operate its services on a nondiscriminatory basis and failing to ensure that persons with disabilities have nondiscriminatory access to its restaurants.

89. Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code § 52, Plaintiffs pray for judgment as set forth below.

**THIRD CAUSE OF ACTION**
**(Declaratory Relief)**
**(on behalf of Plaintiffs and the Nationwide Class)**

90. Plaintiffs incorporate by reference the foregoing allegations as if set forth fully herein.

91. An actual controversy has arisen and now exists between the parties in that Plaintiffs contends, and that Defendant denies, that Defendant, by providing inaccessible restaurants throughout the United States, fails to comply with applicable laws including, but not limited to, Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181, *et seq*.

92. A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

**RELIEF REQUESTED**

**WHEREFORE**, Plaintiffs respectfully request:

1. A permanent injunction to prohibit Defendant from violating the Americans with Disabilities Act, 42 U.S.C. §§ 12181, *et seq.*;

2. A permanent injunction requiring Defendant to take the necessary steps to make Jack in the Box late-night drive-thru restaurants in the United States readily accessible and usable by blind and visually impaired individuals;

3. A declaration that Defendant is owning, leasing and/or operating its restaurants in a manner which discriminates against the blind and visually impaired and which fails to provide access for persons with disabilities as required by the Americans with Disabilities Act, 42 U.S.C. §§ 12181, *et seq*.

4. That this Court certify the Nationwide Class as identified herein and appoint Plaintiffs as class representatives and their attorneys as class counsel;

5. That this Court certify the California Class as identified herein and appoint Plaintiffs as class representatives and their attorneys as class counsel;

6. That this Court award actual, compensatory, and/or statutory damages to Plaintiffs and the putative class for violations of their respective civil rights under California law.

7. That this Court award Plaintiffs their reasonable attorney's fees and costs pursuant to federal and California law.

8. Such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiffs demand trial by jury on all issues for which a jury trial is allowed.

*Respectfully submitted,*

Dated: April 27, 2020

/s/ Glenn M. Goffin
Glenn M. Goffin, SBN 153766
Attorney-at-Law
920 Beach Park Blvd #39
Foster City, California 94404
Telephone: (415) 845-8556
ggoffin@glenngoffinlaw.com

Roberto Luis Costales, Esq.
(*pro hac vice* to be applied for)
William H. Beaumont, Esq.
(*pro hac vice* to be applied for)
BEAUMONT COSTALES LLC
107 W. Van Buren, Suite 209
Chicago, Illinois 60605
Telephone: (773) 831-8000
Facsimile:  (504) 272-2956
rlc@beaumontcostales.com
whb@beaumontcostales.com

*Attorneys for Plaintiffs*