1  MARK S. POSARD (SBN: 208790)
   mposard@grsm.com
2  SCOTT M. MCLEOD (SBN: 242035)
   smcleod@grsm.com
3  GORDON REES SCULLY MANSUKHANI, LLP
   3 Park Center Drive, Suite 200
4  Sacramento, CA 95825
   Telephone: (415) 875-3343
5  Facsimile: (916) 920-4402

6  Attorneys for Defendant
   JACK IN THE BOX INC. and DIFFERENT RULES, LLC
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                       SAN FRANCISCO DIVISION

11 JUDY SZWANEK and JAMES LOPEZ II,            ) CASE NO. 3:20-cv-02953-WHA
   individually and on behalf of all others similarly )
12 situated,                                    ) **DEFENDANTS JACK IN THE BOX**
                                                ) **INC. AND DIFFERENT RULES,**
13                          Plaintiffs,         ) **LLC'S NOTICE OF MOTION AND**
                                                ) **MOTION TO DISMISS FIRST**
14       vs.                                    ) **AMENDED COMPLAINT (FRCP**
                                                ) **12(b)(6)) OR, IN THE ALTERNATIVE,**
15 JACK IN THE BOX, INC.,                       ) **MOTION FOR JUDGMENT ON THE**
                                                ) **PLEADINGS (FRCP 12(c)) AND**
16                          Defendant.          ) **MEMORANDUM IN SUPPORT**
                                                )
17                                              ) Date: September 10, 2020
                                                ) Time: 8:00 a.m.
18                                              ) Judge: William Alsup
                                                ) Crtrm: 12 – 19th Floor
19                                              )

-1-
Defendants' Motion to Dismiss First Amended Complaint and Memorandum in Support     3:20-cv-02953-SI

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on September 10, 2020, at 8:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 12 – 19th Floor, 450 Golden Gate Avenue, San Francisco, California 94102, before the Honorable William Alsup, Defendants Jack in the Box Inc. and Different Rules, LLC ("Defendants") will and hereby does move the Court for an order dismissing the First Amended Complaint and each cause of action therein.

Defendants move for an order dismissing Plaintiff's First Amended Complaint with prejudice for failure to state a claim upon which relief can be granted under Federal Rules of Civil Procedure 12(b)(6). In the alternative, Defendants move for judgment on the pleadings under Federal Rules of Civil Procedure 12(c).

This motion is based upon this Notice of Motion and Motion, the below Memorandum of Points and Authorities, such matters as may be presented in a reply memorandum, the pleadings and papers on file in this matter, and such other matters as the Court may consider.

Dated: July 24, 2020                    GORDON REES SCULLY MANSUKHANI, LLP

By:   /s/  Mark S. Posard
Mark S. Posard
Scott M. McLeod
Attorney for Defendant
JACK IN THE BOX, INC. and DIFFERENT RULES, LLC

Gordon Rees Scully Mansukhani, LLP
3 Park Center Drive, Suite 200
Sacramento, CA 95825

MARK S. POSARD (SBN: 208790)
mposard@grsm.com
SCOTT M. MCLEOD (SBN: 242035)
smcleod@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
3 Park Center Drive, Suite 200
Sacramento, CA 95825
Telephone: (415) 875-3343
Facsimile: (916) 920-4402

Attorneys for Defendant
JACK IN THE BOX INC. and DIFFERENT RULES, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JUDY SZWANEK and JAMES LOPEZ II, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>JACK IN THE BOX, INC.,<br><br>Defendant. | CASE NO. 3:20-cv-02953-WHA<br><br>**MEMORANDUM IN SUPPORT**<br><br>Date: September 10, 2020<br>Time: 8:00 a.m.<br>Judge: William Alsup<br>Crtrm: 12 – 19th Floor |

**STATEMENT OF ISSUES TO BE DECIDED:**

Whether Plaintiffs have pled facts sufficient to state a cause of action against Defendants Jack in the Box Inc. and Different Rules, LLC (collectively, "Defendants.") Specifically, (a) whether the drive-through policy at issue discriminates against Plaintiffs on the basis of disability and (b) whether Plaintiffs' claims are based on an inability to drive, which is not a major life activity.

### I.   INTRODUCTION

Plaintiffs' First Amended Complaint alleging discrimination on the basis of disability must be dismissed without leave to amend. Plaintiffs allege that they visited two Jack in the Box-branded restaurants, and, because they are visually impaired, could not obtain service through the drive-through. They allege that Jack in the Box-branded restaurants offer service only through drive-

1 through late at night, and they prohibit persons who are not in a vehicle – including but not limited 2 to visually impaired persons – to use the drive-through. These allegations, even if true, are 3 insufficient to state a claim against corporate Defendants Jack in the Box Inc. and Different Rules, 4 LLC (collectively, "Jack in the Box").

5 As framed by Plaintiffs, the allegedly discriminatory practice – not allowing pedestrians to 6 use the drive-through – does not discriminate against persons "on the basis of disability." At most, 7 it "discriminates" against people who do not themselves drive or otherwise have access to a car, 8 e.g. as a passenger. Driving is not a major life activity. Even if it were, Plaintiffs also do not allege 9 that they would be able to use the drive-through if they were not visually impaired. That is, they 10 do not allege that if they were not visually impaired, they would have the ability and means to 11 drive and use the drive-thru.

12 Plaintiffs' derivative claims for violation of the Unruh Civil Rights Act and for Declaratory 13 Relief fail for the same reasons.

14 Defendant requests that the Complaint and each cause of action be dismissed without leave 15 to amend.

## II.   FACTS

### A.   Plaintiff's Allegations

18 Plaintiffs assert that Jack in the Box-branded restaurants close their lobbies but remain 19 open late at night exclusively via their drive-through windows. (Complaint, Dkt # 17 at ¶¶ 2, 3.) 20 They allege these restaurants prohibit all pedestrians from ordering food at the drive-thrus. (Id. at 21 ¶¶ 2, 22-26.) They assert that this practice discriminates against the visually impaired, "who are 22 unable to drive or walk up to the drive-thru window" during "late-night" hours. (Id. at ¶¶ 26.)

23 Plaintiff Szwanek alleges that her "eyesight has been compromised" and that she was 24 unable to obtain "access" to a Jack in the Box restaurant located at 4080 San Pablo Dam Road in 25 El Sobrante, California because she cannot drive. (Dkt # 17, ¶¶ 10, 46.) Plaintiff Lopez alleges that 26 his "eyesight has been compromised" and that he was unable to obtain "access" to a Jack in the 27 Box restaurant located at 869 West Washington Boulevard in Montebello, California because he 28 cannot drive. (Dkt #17, ¶¶ 11, 59.) Each allege they were unable to obtain access because the

-4-

Gordon Rees Scully Mansukhani, LLP
3 Park Center Drive, Suite 200
Sacramento, CA 95825

1 lobbies were closed, and they were unable to use the drive through.

2 Based on these bare allegations, Plaintiffs assert three causes of action: (1) Violation of the
3 Americans with Disability Act; (2) violation of the Unruh Civil Rights Act; and (3) Declaratory
4 Relief for Violations of the ADA.

### III. PROCEDURAL HISTORY

6 Plaintiffs filed their initial complaint on April 29, 2020. (Dkt. #1.) Defendant moved to
7 dismiss on June 19, 2020, arguing primarily that the alleged policy or practice does not
8 discriminate on the basis of disability, and that Plaintiffs had not sufficiently alleged that the
9 corporate defendant owned, operated, or leased the restaurants at issue. (Dkt. #16.) Plaintiffs filed
10 a First Amended Complaint on July 6, 2020 (Dkt. #17.) The First Amended Complaint addresses
11 the second argument by asserting that Defendants "lease[] the 869 West Washington Boulevard's
12 restaurant building and premises from a third party" and that Defendants "lease[]  the 4080 San
13 Pablo Dam Road restaurant building and premises from a third party." (Dkt. #17, ¶¶ 54, 66.)[1]
14 Plaintiffs did not, however, address the first argument and this motion follows.

### IV. ANALYSIS

#### A. Legal Standard

17 Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a
18 short and plain statement of the claim showing that the pleader is entitled to relief." A complaint
19 that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure
20 12(b)(6). The United States Supreme Court has held that Rule 8(a) requires a plaintiff to plead
21 "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*,
22 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content
23 that allows the court to draw the reasonable inference that the defendant is liable for the misconduct
24 alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a
25 probability requirement, but it asks for more than a sheer possibility that a defendant has acted
26 unlawfully." Id. (internal quotation marks omitted). For purposes of ruling on a Rule 12(b)(6)
27 motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the

---
[1] Defendants deny these allegations and this issue will likely be the subject of a summary judgment motion.

Gordon Rees Scully Mansukhani, LLP
3 Park Center Drive, Suite 200
Sacramento, CA 95825

pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

The Court, however, need not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (internal quotation marks omitted). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

**B.     Plaintiffs' ADA Claim Fails Because the Allegations Do Not Demonstrate They Were Denied Service "on the Basis of" Their Disability**

Plaintiffs have not stated a claim under the ADA because their allegations do not establish that their disability was the cause of their alleged inability to be served after the lobby closed. Title III of the ADA provides prohibits discrimination "***on the basis of disability*** in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation…" 42 U.S.C. § 12182(a) (emphasis added.) "To prevail on a Title III discrimination claim, the plaintiff must show that: (1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant ***because of*** her disability." *Molski v. M.J. Cable, Inc*., 481 F.3d 724, 730 (9th Cir. 2007) (emphasis added.) As such, "in order to establish the third element of a prima facie cause under the ADA or the Rehabilitation Act, Plaintiffs must establish a causal link between Plaintiff's disability and the alleged discriminatory actions." *M.S. v. Cnty. of Ventura*, No. CV 16-03084-BRO (RAOx), 2016 U.S. Dist. LEXIS 195707, at *34 (C.D. Cal. Oct. 24, 2016) (citing *Estate of Martin v. Cal. VA*, 560 F.3d 1042, 1048 (9th Cir. 2009)). "Where a barrier affects both disabled and nondisabled patrons alike it is not an ADA violation." *Ridola v. Muhammad*, No. 1:16-cv-01481-LJO-SAB, 2017 U.S. Dist. LEXIS 76071, at *7 (E.D. Cal. May 18, 2017). Where "disabled and non-disabled are treated alike … there is no disability discrimination." *Louie v. Ideal Cleaners*, No. C 99-1557 CRB, C 99-1814 CRB, 1999 U.S. Dist. LEXIS 19811, at *3 (N.D. Cal. Dec. 14, 1999).  Here, the allegations show that Jack in the Box's policy affects people based on, at most, their inability to

drive for any reason, not on the basis of any disability.

Nearly identical facts were alleged and found insufficient in *Davis v. Wendy's Int'l, LLC,* No. 1:19-CV-04003, 2019 U.S. Dist. LEXIS 214028 (N.D. Ill. Dec. 12, 2019). In *Davis,* the plaintiff, as here, asserted that Wendy's drive through-only late night service discriminated against her because she was visually impaired. The court dismissed the complaint without leave to amend.

The court began its analysis by observing that the ADA prohibits discrimination "on the basis of disability," which "requires [a plaintiff] to prove that 'but for' his disability, he would have been able to access the services or benefits desired." (*Id*. at *11-12 (citing *A.H. by Holzmueller v. Illinois High Sch. Ass'n*, 881 F.3d 587, 593 (7th Cir. 2018).)[2] The court found her allegations regarding causation lacking for two reasons. "First, Wendy's policy affects non-disabled and disabled pedestrians identically. Second, [plaintiff] has failed to plead facts that would lead to an inference that she would drive but for her visual impairment." The complaint here suffers from the same deficiencies.

As the court in *Davis* reasoned, Wendy's policy "to prohibit pedestrians from walking through the drive-through affects all pedestrians, not just blind pedestrians." *Id.* at *13. "The fact that [plaintiff] does not have a chance to [access the services or benefits desired] does not establish that the [defendant's policies] are the but-for cause of his failure to [access the services or benefits desired]." *Id.* Plaintiffs' allegations here are the same: Jack in the Box-branded restaurants provide drive-thru only service at certain times and pedestrians cannot be served in the drive thru. (Dkt. #17, ¶¶ 21-23, 25, 26.) The (alleged) policy affects *all* non-drivers, not just visually impaired ones. It affects disabled and non-disabled persons alike. The court noted that "Plaintiff's case's theory is essentially that any business dealing exclusively with automobile drivers inherently discriminates against people who are blind or have visual impairments" and that it could not "imagine such a

---

[2] The Ninth Circuit likewise requires that the disability be the "sole" cause of injury. *See Weinrich v. Los Angeles Cty. Metro. Transp. Auth.*, 114 F.3d 976, 978-79 (9th Cir. 1997) (a "plaintiff proceeding under Title II of the ADA must … prove that the exclusion … was 'solely by reason of disability.'") In *Weinrich,* the defendant transit agency required an updated certification of a rider's disability to qualify for its reduced fare program. Plaintiff asked for an exemption because he could not afford a doctor, and the agency denied the request. The court found no violation of the ADA because plaintiff's inability to access the reduced fair program was not due to his disability but instead was due to his financial condition. *Id.*

-7-

proposition of law would match with the ADA's plain language and Congress's intent in passing the ADA." *Davis, supra,* at *13, fn. 2.

Like the plaintiff in *Davis,* Plaintiffs here were unable to be served because of something they share with nondisabled people, being a non-driver, but *not* because they are disabled. Plaintiffs have not sufficiently alleged causation – that they were unable to be served "on the basis of" or "because of" their alleged disability – because they were, by their own admission, restricted from using the drive-thru *not* because of their alleged disability, but instead because Jack in the Box allegedly does not allow any pedestrians to use the drive-through. (Dkt. #17, ¶¶ 2, 21-23, 25, 26.) Further, Plaintiffs – just like anyone else that does not drive – can use the drive-through as a passenger in a friend's car or taxi, or can obtain food through a delivery service.

The second reason the court in *Davis* dismissed the complaint before it was that the plaintiff there, like Plaintiffs here, did not allege that she could and would drive if not for her disability. *Davis, supra,* 2019 U.S. Dist. LEXIS 214028 at *14. "Assuming [plaintiff] would pass a potential vision screening but for her disability does not then allow us to plausibly infer that she would pass both the written and driving exam." *Id.* "There are other reasons we cannot assume that [plaintiff] could drive and access the drive-through even if she were not visually impaired. She may be unable to afford a car, car insurance, or registration. She may have her driver's license suspended or revoked. She may be under the influence of drugs or alcohol, or she may travel to the restaurant on foot or on the bus." *Id.* at *14-15. Here, there are no allegations that lead to an inference that Plaintiffs could and would be able to operate a vehicle and use the drive-through were they not visually impaired.

**C.    Plaintiffs' ADA Claim Fails Because Driving Is Not a Major Life Activity**

Plaintiffs ADA claim fails for the further reason that driving is not a major life activity. While they have amended their complaint to allege that they are "blind" and are limited in the major life activity of "seeing," "seeing" is *not* the life activity upon which the claim relies. (Dkt. #17, ¶¶ 10, 11, 46, 59.) The claim instead relies on not being able to drive, and "***driving*** is not a major life activity that would lead to a finding of disability." *Lacayo v. Donahoe*, No. 14-cv-04077-JSC, 2015 U.S. Dist. LEXIS 80706, at *32 (N.D. Cal. June 22, 2015, emphasis added) (citing

-8-

*Mandujano v. Geithner,* No. C 10-01126 LB, 2011 WL 2550621, at *4 (N.D. Cal. June 27, 2011)

In *Bragdon v. Abbott*, 524 U.S. 624, 118 S.Ct. 2196, 2202, 141 L.Ed.2d 540 (1998), the Supreme Court identified a three-step test to determine if a physical or mental condition meets subsection A (limits a major life activity) of the definition of disability. First, a court must determine whether the condition claimed was a physical or mental impairment. *Id*. Second, the court "identifies the life activity upon which [plaintiff] relies . . . and determine[s] whether it constitutes a major life activity under the ADA." *Id*. Third, the court determines whether the impairment substantially limited this major life activity. *Id.*

Plaintiffs cannot meet the second element here because the major life activity upon which they rely is driving. While they allege that they are limited in the life activity of "seeing", a review of the First Amended Complaint demonstrates that the *driving* is the "life activity upon which [plaintiffs] rel[y]":

- "drive-thrus are only accessible by motor vehicle." (Dkt. #17, ¶ 2.)
- "Since they are unable to drive, and because it is not safe for them to walk through the drive-thru, visually impaired individuals are totally precluded from accessing Jack in the Box's products…" (Dkt. #17, ¶ 3.)
- Plaintiffs are "unable to legally operate a motor vehicle." (Dkt. #17, ¶¶ 10, 11.)
- "Because Plaintiff Szwanek is blind and unable to unlawfully operate a motor vehicle, she was unable to independently access the aforementioned Jack in the Box." (Dkt. #17, ¶ 46.)
- "Because Plaintiff Lopez is blind and unable to unlawfully operate a motor vehicle, he was unable to independently access the West Washington Jack in the Box." (Dkt. #17, ¶ 59.)

It is Plaintiffs' inability to drive – rather their inability to see – that forms the basis of Plaintiffs' claim. Per their allegations, potential customers that cannot drive for *any* reason (*e.g.* they do not have a valid license for any reason, they cannot afford a car, are under the influence of alcohol, *etc.*) are precluded from using the drive-thru as the operator of a motor vehicle. (Dkt. # 17, ¶ 2 [drive-thrus are only accessible by motor vehicle].) Anyone who cannot drive a motor

-9-

Gordon Rees Scully Mansukhani, LLP
3 Park Center Drive, Suite 200
Sacramento, CA 95825

vehicle for any reason, including visual impairment, can, however, order products from a drive-thru as a passenger. (Dkt. # 17, ¶ 4.) Likewise, those who cannot drive for any reason can order delivery. It is the inability to drive rather than the inability to see that is "life activity upon which [plaintiffs] rel[y]." *Bragdon, supra,* 524 U.S. 624, 118 S.Ct. 2196, 2202.

The district court granted summary judgment in another recent drive-through case, in part because "driving" is not a major life activity, under the ADA Amendments Act of 2008 (the "ADAAA"). *Morey v. McDonald's Corp.*, No. 18 C 1137, 2020 U.S. Dist. LEXIS 87686, at *6 (N.D. Ill. May 19, 2020); *see also Lacayo, supra,* 2015 U.S. Dist. LEXIS 80706, at *32. As in *Morey* and *Lacayo*, driving is *not* a major life activity. Plaintiffs accordingly fail to meet the *Bragdon* test and their ADA claim fails.

### D. Plaintiffs' Unruh Claim Fails for the Same Reasons

Plaintiffs' Unruh Act claim is premised entirely on the same facts as the ADA claim. (Dkt. #17, ¶¶ 85-86.)  As shown above, Jack in the Box has not discriminated against Plaintiffs on the basis of their disability because the alleged policy applies to anyone that cannot operate a motor vehicle. *Lentini v. California Ctr. for the Arts, Escondido*, 370 F.3d 837, 847 (9th Cir. 2004) ("the same standards for liability apply under both" the Unruh Act and the ADA).

Further, "[a] policy that is neutral on its face is not actionable under the Unruh Act, even when it has a disproportionate impact on a protected class." *Turner v. Ass'n of Am. Med. Colls.*, 85 Cal. Rptr. 3d 94, 100 (2008); Cal. Civ. Code § 51(c) ["This section shall not be construed to confer any right or privilege on a person that is conditioned or limited by law or that is applicable alike to persons of every sex, color, race, religion, ancestry, national origin, disability …"]

According to Plaintiffs' allegations, the policies of the restaurants are applicable alike to nondisabled and disabled individuals – *no* pedestrians are allowed through the drive-through. (Dkt # 17, ¶¶ 2, 22, 23.) Plaintiffs have not alleged facts sufficient to state a cause of action under the Unruh Civil Rights Act.

### E. Plaintiffs Have Not Plead Facts That Would Entitle Them to Declaratory Relief

Plaintiffs' Third Cause of Action for Declaratory Relief is premised on the same set of facts

Gordon Rees Scully Mansukhani, LLP
3 Park Center Drive, Suite 200
Sacramento, CA 95825

and upon alleged violations of the ADA. (Dkt # 17, ¶¶ 98-99.) It fails for the same reasons set forth above.

## V.   CONCLUSION

Plaintiffs do not allege any facts that show they have been discriminated against "on the basis of" or "because of" their disability. The allegedly discriminatory policy affects both disabled and nondisabled patrons alike and does not violate the ADA. Plaintiffs also do not allege facts sufficient to show that corporate Defendant "operates" the restaurants that allegedly discriminated against them. Plaintiffs' Unruh cause of action and claim for declaratory relief are derivative and fail for the same reasons. Defendant requests that the Complaint be dismissed in its entirety, without leave to amend.

Respectfully submitted,

Dated: July 24, 2020                    GORDON REES SCULLY MANSUKHANI, LLP

By:   /s/  Mark S. Posard
       Mark S. Posard
       Scott M. McLeod
       Attorney for Defendant
       JACK IN THE BOX, INC. and DIFFERENT RULES, LLC

-11-

Defendants' Motion to Dismiss First Amended Complaint and Memorandum in Support     3:20-cv-02953-SI